IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMMY ROY KEETON,

    Plaintiff,     No. CIV S-04-0697 GEB JFM P

    vs.

SERGEANT CAROLL, et al.,

    Defendants.     FINDINGS & RECOMMENDATIONS

                        /

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court on defendants' motion to dismiss this action for failure to exhaust administrative remedies prior to suit, as required by 42 U.S.C. § 1997e(a). On January 20, 2005, plaintiff received the notice required by Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003) with respect to the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

ANALYSIS

"Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

1

This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion must precede the filing of the complaint and that compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. McKinney, 311 F.3d at 1199. Defendants have the burden of establishing that plaintiff failed to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a). See Wyatt, 315 F.3d at 1120; see also Brown v. Valoff, 422 F.3d 926, 936 (9th Cir. 2005).

> California's Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment. Within fifteen working days of "the event or decision being appealed," the inmate must ordinarily file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally." Cal.Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not resolved during the informal appeal, the grievant next proceeds to the first formal appeal level, usually conducted by the prison's Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, at 929-30.

Plaintiff raises three sets of claims in this action, described in three series of allegations. Defendants' motion addresses allegations within the first two series of allegations.[1]

I. Plaintiff's First Claim

Plaintiff's first set of allegations includes a claim of excessive force that arises from an incident on February 7, 2003. This claim is raised against defendants Koualczuk,

---

[1] In his third set of allegations, plaintiff further alleges that between February 11, 2004 and February 16, 2004, defendants Carver and Hurtado refused to give him breakfast, lunch or anything to drink, and defendant Carrozzo refused to give him dinner or anything to drink. Plaintiff also alleges that on February 15, 2004, defendant Carrozzo refused to summon medical attention when plaintiff was having trouble breathing. Defendants do not contest administrative exhaustion of these claims.

2

Carver[2], Hurtado, and Rosko[3]  Plaintiff alleges that following this incident defendant Carver "continuously" told medical technical assistants to ignore plaintiff's requests for medical attention.  Plaintiff also contends that defendant Carver's alleged actions were retaliatory.

Defendants contend that plaintiff did not exhaust administrative remedies as to his claim of excessive force arising from the February 7, 2003 incident.  In support of this contention, defendants have presented evidence that plaintiff never filed an administrative grievance complaining about the alleged use of excessive force on February 7, 2003. (Declaration of M. Cry, Appeals Coordinator, in Support of Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies, filed April 22, 2005, at ¶ 8.)

In plaintiff's complaint, he avers that filed two separate grievances concerning the February 7, 2003 incident, including a grievance on the night of the incident, and that neither grievance "was never responded to."  (Complaint, filed April 7, 2004, at 3b, 4.[4])[5]  Plaintiff's complaint is signed under penalty of perjury and may therefore be evidence of the facts contained therein of which plaintiff has personal knowledge.  See Schroeder v. MacDonald, 55 F.3d 454, 460 (9th Cir. 1995).[6]

---

[2]  By order filed September 28, 2005, plaintiff's claims against defendant Carver were dismissed due to plaintiff's failure to return forms necessary to effect service on said defendant. The record reflects, however, that defendant Carver has joined in the instant motion to dismiss. The court will therefore recommend that the order filed September 28, 2005 be vacated.

[3]  Sued herein as "Lieutenant Rosko."

[4]  The pages of the complaint are not numbered sequentially.  As used herein, page 4 of the complaint is the fourth sheet of paper in the complaint.

[5]  Included in the documents filed by plaintiff on August 11, 2005 is a letter dated February 9, 2003 addressed to the Warden of California Medical Facility in which plaintiff complains about the February 7, 2003 incident at bar.  It is unclear whether this letter constitutes one of the two grievances plaintiff claims to have submitted; it is not on a CDC form 602.

[6]  In opposition to defendants' motion, plaintiff presents evidence that during the six-month period from January 3, 2003 to July 3, 2003, he was limited to filing one non-emergency inmate grievance per month. (Ex. A to Plaintiff's Notice of Lodging of Record, filed August 11, 2005.)  Plaintiff's evidence shows that, despite the appeal restriction, plaintiff would have been permitted to file an inmate grievance on February 7, 2003, the date of the alleged excessive force

1    In accordance with applicable regulations, a prisoner's informal grievance must be
2 submitted on CDC Form 602. 15 Cal. Code Regs. § 3084.2(a). The officer to whom the
3 informal grievance is addressed evaluates the informal complaint, provides a response on the
4 same form, and then returns the form to the prisoner. Id. at § 3084.5(a)(2). This form must then
5 be submitted to the appeals coordinator as part of the prisoner's first formal appeal. See CDC
6 Form 602. Because plaintiff alleges misconduct by correctional officers, regulations permitted
7 him to bypass the informal level of administrative review. 15 Cal.Code. Reg at § 3084.5(a)(3)(G)
8 ("The informal level shall be waived" in certain cases, including those involving the alleged
9 misconduct of departmental peace officers); but cf. Ex. A to Cry Declaration, CDC Form 602
10 ("You may appeal any policy, action or decision which has a serious adverse effect on you. With
11 the exception of Serious CDC 115s, classification committee actions, and classification and staff
12 representative decisions you must first informally seek relief through discussion with the
13 appropriate staff member, who will sign your form and state what action was taken. . . .")
14 Plaintiff was not, however, required by regulation to bypass that informal level of review.

15    Defendants have the burden of establishing plaintiff's failure to exhaust
16 administrative remedies. See Wyatt, supra. The averments of plaintiff's complaint are that he
17 submitted two 602 grievances concerning the February 7, 2003 incident, to which he received no
18 response. It is defendants' burden on this motion either to satisfactorily rebut that evidence, or to
19 show that administrative remedies remained available to plaintiff even in the face of an
20 unanswered grievance. Defendants have not met this burden. The motion to dismiss plaintiff's
21 claim arising out of the alleged incident of February 7, 2003 should therefore be denied.
22 /////
23 /////
24 /////
25 
26 incident. (Ex. A to Plaintiff's Notice of Lodging.)

II. Plaintiff's Second Claim

Plaintiff's second set of allegations is against defendants Carroll[7], Blackford, Van Huesen, Moreno, Jones and Sahota. Plaintiff claims that defendant Carroll retaliated against him after plaintiff filed an inmate grievance concerning the February 7, 2003 incident that mistakenly identified defendant Carroll as one of the officers who had allegedly used excessive force against plaintiff, and that defendant Carroll's retaliation included directing defendants Blackford and Van Huesen to illegally search plaintiff's cell and seize his personal property. Thereafter, on November 12, 2003, defendant Moreno threatened to house plaintiff in a cell on the mainline at California Medical Facility, which placement would endanger plaintiff due to the presence of both staff and inmate enemies. Plaintiff alleges that he refused to leave his cell, and on November 12, 2003, defendant Carroll issued a rules violation report against plaintiff. Plaintiff further alleges that he was forcibly extracted from his cell on November 17, 2003, that the extraction involved the use of pepper spray leaving plaintiff blind for about three hours, and that Sergeant Carroll was part of the extraction team. Plaintiff further contends that between November 12, 2003 to November 17, 2003, defendants Jones, Sahota, Blackford and Van Huesen refused to give plaintiff breakfast or dinner, or to provide him with anything to drink, and that he had three inches of water on his cell floor during this time.

In their motion to dismiss, defendants contend that plaintiff never filed any grievance against defendants Moreno or Jones, and they provide evidentiary support for this contention.[8] (See Cry Declaration at ¶ 8.) Defendants also contend that plaintiff did not submit inmate grievances against defendants Sahota, Jones, Blackford or Van Huesen arising from their alleged failure to give him food and water during the period from November 12, 2003 through

---

[7] Sued herein as "Sergeant Caroll."

[8] Defendants also contend that plaintiff never filed any grievance against defendant Koualczuk. For the reasons set forth in section I, supra, that contention is insufficient to support dismissal of plaintiff's claim against defendant Koualczuk.

5

November 17, 2003, and they also tender evidence in support of this contention. (Cry Declaration, at ¶ 8.) Plaintiff contends in conclusory fashion that he was on appeal restriction, that many of his inmate grievances were destroyed during the relevant time frame. Plaintiff also avers generally in the complaint that he attempted to exhaust administrative remedies but received no response to his grievances. (Complaint, at 8.) Unlike the specificity with which plaintiff describes submission of two grievances arising from the February 7, 2003 incident, however, these contentions are too conclusory to rebut the evidence of non-exhaustion tendered by defendants.

For the foregoing reasons, defendants' motion to dismiss should be granted as to plaintiff's claim against defendants Moreno and Jones and said defendants should be dismissed from this action due to plaintiff's failure to exhaust administrative remedies with respect to his claim against said defendants. In addition, defendants' motion to dismiss plaintiff's claim against defendants Sahota, Jones, Blackford and Van Huesen arising from their alleged denial of food and water to plaintiff during the period from November 12, 2003 to November 17, 2003 should be granted and said claim should be dismissed.

The United States Court of Appeals for the Ninth Circuit has held that a civil rights complaint containing both exhausted and unexhausted claims need not be dismissed unless the unexhausted claims are "closely related and difficult to untangle." Lira v. Herrera, 427 F.3d 1164, 1176 (9th Cir. 2005). This court finds that plaintiff's unexhausted claims against defendants Moreno, Jones, Sahota, Blackford and Van Huesen are not difficult to untangle from the claims that should remain in this action. Accordingly, the unexhausted claims should be dismissed but plaintiff should not be required to file an amended complaint raising only his exhausted claims. See Lira, supra.

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. The district court's September 28, 2005 order dismissing defendant Carver be vacated;

1    2. Defendants' April 22, 2005 motion to dismiss be granted in part and denied in
2 part, as follows:
3    a. Defendants' motion to dismiss plaintiff's claim of excessive force
4 against defendants Roszko, Carver, Hurtado and Koualczuk should be denied;
5    b. Defendants' motion to dismiss plaintiff's claim against defendants
6 Moreno and Jones should be granted due to plaintiff's failure to exhaust administrative remedies
7 with respect to any claim against said defendants;
8    c. Defendants' motion to dismiss plaintiff's claim against defendants
9 Sahota, Blackford, and Van Huesen arising out of the alleged denial of food and water between
10 November 12, 2003 and November 17, 2003 should be granted due to plaintiff's failure to
11 exhaust administrative remedies with respect to said claim; and
12    3. Defendants should be required to answer the exhausted claims in plaintiff's
13 complaint within twenty days from the date of any order by the district court adopting these
14 findings and recommendations.
15    These findings and recommendations are submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
17 days after being served with these findings and recommendations, any party may file written
18 objections with the court and serve a copy on all parties.  Such a document should be captioned
19 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
20 shall be served and filed within ten days after service of the objections.  The parties are advised
21 that failure to file objections within the specified time may waive the right to appeal the District
22 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
23 DATED: February 10, 2006.

UNITED STATES MAGISTRATE JUDGE

26 12;keet0697.mtd