1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TOMMY ROY KEETON,

11              Plaintiff,                    No. CIV S-04-0697 GEB JFM P

12          vs.

13   SERGEANT CAROLL, et al.,                 ORDER AND REVISED

14              Defendants.                   SCHEDULING ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Several matters are pending before the court.

18          On April 20, 2006, plaintiff filed a request for leave to amend the prayer for relief

19   in his complaint.  Plaintiff seeks to delete his request for injunctive relief and to amend his prayer

20   for damages to include a specific claim for compensatory damages as well as a claim for punitive

21   damages.  By order filed August 2, 2006, defendants were directed to file a response.  On August

22   7, 2006, defendants filed an opposition to plaintiff's request.  Defendants contend that plaintiff's

23   request should be denied because he has not filed an amended complaint that is complete in

24   itself.  While this court generally does require a party seeking amendment to file a new pleading

25   that is complete in itself, in this instance the proposed new prayer for relief is a form that allows

26   its ready substitution in place of the prayer in plaintiff's original complaint.  Accordingly,

1

1  plaintiff's request will be granted.  Plaintiff's April 7, 2004 complaint will be deemed amended

2  by the prayer for relief appended to his April 20, 2006 request.

3          On August 2, 2006, defendants Carroll and Carrozzo were ordered to show cause

4  why sanctions should not be imposed for failure to file an answer to the exhausted claims in

5  plaintiff's complaint in accordance with the order of the district court filed March 22, 2006.  On

6  August 7, 2006, defendants filed a response to the order to show cause and a proposed answer.

7  Good cause appearing, the order to show cause will be discharged and the Clerk of the Court will

8  be directed to filed defendants Carroll and Carrozzo's answer nunc pro tunc to August 7, 2006.

9          Finally, on January 8, 2007, defendants filed a request for an extension of time to

10  file a pretrial statement.  Good cause appearing, pursuant to Federal Rule of Civil Procedure

11  16(b), the court will, by this order, set a revised schedule for this litigation.

12          In due course, the parties will be required to file pretrial statements in accordance

13  with the schedule set forth below.  In addition to the matters already required to be addressed in

14  the pretrial statement in accordance with Local Rule 16-281, plaintiff will be required to make a

15  particularized showing in his pretrial statement in order to obtain the attendance of witnesses.

16  Plaintiff is advised that failure to comply with the procedures set forth below may result in the

17  preclusion of any and all witnesses named in his pretrial statement.

18          At the trial of this case, the plaintiff must be prepared to introduce evidence to

19  prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are

20  two kinds of trial evidence:  (1) exhibits and (2) the testimony of witnesses.  It is the plaintiff's

21  responsibility to produce all of the evidence to prove his case, whether that evidence is in the

22  form of exhibits or witness testimony.  If the plaintiff wants to call witnesses to testify, he must

23  follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

24  /////

25  /////

26  /////

I.      Procedures for Obtaining Attendance of Incarcerated Witnesses Who
        Agree to Testify Voluntarily

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court.  This court will not issue such an order unless it is satisfied that:

            1.  The prospective witness is willing to attend; ____
        and

            2.  The prospective witness has actual knowledge of relevant facts.

With the pretrial statement, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must:

            1.  State the name, CDC Identification number, and address of each such
                witness;
                and

            2.  Be accompanied by affidavits showing that each witness is willing to
                testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

            1.  The party himself can swear by affidavit that the prospective witness
                has informed the party that he or she is willing to testify voluntarily
                without being subpoenaed.  The party must state in the affidavit when and
                where the prospective witness informed the party of this willingness; or

            2.  The party can serve and file an affidavit sworn to by the prospective
                witness, in which the witness states that he or she is willing to testify
                without being subpoenaed.

/////

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

> 1.  The party himself can swear by affidavit that the prospective witness has actual knowledge.  However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts.  For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify.
>
> Or
>
> 2.  The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness.  Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

## II.   Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pretrial statement a motion for the attendance of such witnesses.  Such motion should be in the form described above.  In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

III.  Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily

It is the responsibility of the party who has secured an unincarcerated witness' voluntary attendance to notify the witness of the time and date of trial.  No action need be sought or obtained from the court.

IV.  Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, not earlier than four weeks and not later than two weeks before trial, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness.  (Blank subpoena forms may be obtained from the Clerk of the Court.)  Also, the party seeking the witness' presence must tender an appropriate sum of money to the witness through the United States Marshal.  In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness' travel expenses.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness' travel expenses plus the daily witness fee of $40.00, and a copy of the court's order granting plaintiff in forma pauperis status.  Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's April 20, 2006 motion to amend his prayer for relief is granted;

2.  Plaintiff's April 7, 2004 complaint is amended by substitution of the prayer for relief appended to his April 20, 2006 motion in place of the prayer set forth in said complaint;

3.  The August 2, 2006 order to show cause is discharged;

4.  The Clerk of the Court is directed to file defendant Carroll and Carrozzo's answer to the complaint, appended as Exhibit A to Defendants Carroll and Carrozzo's Response to Order to Show Cause, nunc pro tunc to August 7, 2006;

5.  Defendants' January 8, 2007 request for an extension of time to file a pretrial statement is granted, said pretrial statement to be filed in accordance with the schedule set forth in this order;

6.  The parties may conduct discovery until May 25, 2007.  Any motions necessary to compel discovery shall be filed by that date.  All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date.

7.  All pretrial motions, except motions to compel discovery, shall be filed on or before July 27, 2007.  Motions shall be briefed in accordance with paragraph 7 of this court's order filed January 20, 2005.

8.  Plaintiff shall file and serve his pretrial statement and any motions necessary to obtain the attendance of witnesses at trial on or before October 19, 2007.  Defendants shall file their pretrial statement on or before November 3, 2007.  The parties are advised that failure to file a pretrial statement may result in the imposition of sanctions, including dismissal of this action.

9.  Pretrial conference (as described in Local Rule 16-282) is set in this case for November 10, 2007, before the magistrate judge.  The pretrial conference shall be conducted on the file only, without appearance by either party.

/////

/////

/////

/////

/////

/////

1        10.  The jury trial set before the Honorable Garland E. Burrell on April3, 2007, at

2  9:00 a.m. in Courtroom #10 is vacated.  A new date for jury trial will be set, as appropriate, in the

3  pretrial order.

4  DATED:  January 16, 2007.

5

6                                      UNITED STATES MAGISTRATE JUDGE

7

8  12

9  keet0697.41rev

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26